# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DARIUS D. PETERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO. _____ |
| ) | |
| AMERICAN TIRE DISTRIBUTORS ) | |
| INC.; GREENWICH INSURANCE ) | |
| COMPANY; TIMOTHY B. ) | **JURY TRIAL DEMANDED** |
| WALLACE; and JOHN DOES 1 ) | |
| through 4, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

For his Complaint against Defendants American Tire Distributors, Inc.; Greenwich Insurance Company; Timothy B. Wallace; and John Does 1 through 4; Plaintiff Darius Peterson respectfully alleges the following:

### PARTIES AND JURISDICTION

1. Plaintiff Darius D. Peterson ("Darius") is a citizen and resident of DeKalb County, Georgia.

2. Defendant American Tire Distributors, Inc. ("American Tire") is a corporate citizen and resident of Huntersville, North Carolina, where it maintains its principal place of business at 122000 Herbert Wayne Court, Suite 150, Huntersville, North Carolina 28078.  American Tire is currently doing business in and throughout the State of Georgia.  It regularly and systematically does business in interstate commerce, including Georgia, and derives substantial revenue from its sales in Georgia.  Defendant American Tire may be served with process by delivery of an executed Summons and a copy of this Complaint to its Registered Agent in Georgia at Capitol Corporate Services, Inc., 3675 Crestwood Parkway, NW, Suite 350, Duluth, Gwinnett County, Georgia 30096.  Defendant American Tire is subject to the jurisdiction of and venue in this Court.

3. On information and belief, Defendant Timothy B. Wallace ("Wallace") is a citizen and resident of the State of Tennessee, whose address is 119 Mountainview Circle, Piney Flats, Tennessee 37686.  Defendant Wallace may be served by delivery of an executed Summons and a copy of this Complaint to him at his place of residence in Tennessee.  Defendant Wallace is subject to the jurisdiction of and venue in this Court.

4. Defendant Greenwich Insurance Company ("Greenwich") is a for profit insurance business licensed to do business in the State of Connecticut. It regularly and systematically does business in Georgia and writes insurance policies for intra- and interstate trucking companies that operate on Georgia highways. Defendant Greenwich may be served by delivery of an executed Summons and a copy of this Complaint to its Registered Agent for service of process, C T Corporation System, at 289 S Culver Street, Lawrenceville, Gwinnett County, Georgia 30046. Defendant Greenwich is subject to the jurisdiction of this Court under the Georgia Long-Arm Statute and the Georgia Direct Action Statute and to venue in this Court.

5. On information and belief, Defendant John Does 1 through 4 are real actual persons and/or corporate entities who own, operate, manage, brokered, and/or dispatched Defendant Wallace at the time of the incident complained of in this Complaint. On information and belief, Defendant John Does 1 through 4 are subject to the jurisdiction and venue of this Court. Upon identification through discovery, Defendant John Does will be identified by name and the Complaint amended per Rule 15 of the Federal Rules of Civil Procedure. In this Complaint, any reference to "Defendants" also includes Defendant John Does 1 through 4.

6. All defendants are joint tortfeasors with each other defendant.

7. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship). The damages sought exceed $75,000.00.

8. Venue is proper in this district and division because Defendant American Tire does business in this district and division and maintains its registered agent in this district and division; Darius lives in this district and division; and the wreck that gave rise to Darius' injuries occurred in this district and division.

## STATEMENT OF FACTS

9. On January 9, 2020, around 11:04 p.m., Darius was driving his 2011 Chevrolet Malibu car west on Interstate 285 in DeKalb County, Georgia.

10. At or about the same time and place, Defendant Wallace was operating a 2018 International truck, Model 4300M7, owned and operated by Defendant American Tire, and was likewise heading west.

11. As both the car and truck approached the intersection of Interstate 285 and Bouldercrest Road, Defendant Wallace was driving in the left center lane and Darius was driving in the right center lane.

12. As the two vehicles were about side by side, Defendant Wallace failed to adhere to his lane of travel, failed to maintain control over his truck, and failed to keep a proper lookout.  As a result, he suddenly and without warning drove the larger International truck from his lane into the left side of Darius' car.  The truck struck Darius' car on the driver's side center.  The violent blow at interstate speeds caused Darius and his car to go out of control and strike the median wall.

13. In the Georgia Motor Vehicle Crash Report, the investigating police officer, who apparently saw the wreck happen, diagrammed it as follows:



14. After Darius' car came to a stop at the median wall, a third car heading west collided with the rear of Darius' car. The third car did not stop and was not identified. It continued west on Interstate 285.

15. As a result of the collision caused by Defendants Wallace and American Tire, Darius suffered back and spine injuries.

## COUNT I
## NEGLIGENCE and NEGLIGENCE PER SE

16. Darius realleges and incorporates herein by reference paragraphs 1 through 15 above as if they were fully restated here verbatim.

17. At all relevant times, Defendant Wallace, and through him Defendant American Tire, owed Darius certain civil duties of care and safe driving.

18. Notwithstanding those duties, Defendant Wallace, and thus Defendant American Tire, breached them in the following ways:

    a. In failing to keep his American Tire truck within a clearly marked single lane of travel when safety so required in violation of O.C.G.A. § 40-6-48;

    b. In failing to make reasonable and proper observations while driving his American Tire truck and failing to keep a proper lookout;

c. In failing to make a proper, safe, and appropriate lane change in his American Tire truck;

d. In failing to yield safely, in violation of O.C.G.A. § 40-6-73;

e. In failing to observe or undertake the necessary precautions to keep the American Tire truck from colliding with the car in which Darius was riding, in violation of O.C.G.A. § 40-6-390; and

f. In committing other negligent acts and omissions as may be shown by the evidence and proven at trial.

19. Defendant Wallace's violations of the aforementioned duties of care and safety constitute negligence and negligence *per se* and as to all claims are factually and legally attributable to Defendant American Tire.

20. At all relevant times and on information and belief, Defendant Wallace was an employee and/or agent of Defendant American Tire, and Defendant Wallace was driving the International truck within the course and scope of his employment with Defendant American Tire. Accordingly, Defendant American Tire is liable for the acts and omissions of Defendant Wallace, its employee and/or agent at the time of the collision-in-suit, under the theory of vicarious liability and/or respondeat superior.

21. At all relevant times, Defendant Greenwich was the liability insurance carrier for Defendant American Tire.  On information and belief, Defendant Wallace was a covered employee of Defendant American Tire while operating on Interstate 285 and was insured by an insurance policy issued by Defendant Greenwich.   Defendant Greenwich is liable for the acts and omissions of Defendants American Tire and Wallace, all insureds at the time of the collision-in-suit, under Georgia's Direct Action Statute, O.C.G.A. § 46-7-12.

22. As a direct and proximate result of the breaches of duty by Defendants American Tire, Wallace, the John Doe Defendants, and per contract between both Defendants American Tire and Greenwich, Darius has suffered significant injuries and incurred substantial medical expenses.  These damages include back and spine injuries, and other severe bruises and contusions.  These bodily injuries are permanent, and, in the future, Darius will suffer loss of earnings, loss of earning capacity, medical and other necessary expenses, personal inconvenience, mental and physical pain and suffering, and an inability to lead a fully normal life.

23. To date, Darius has incurred collective medical bills exceeding $21,819.95.  Darius is expected to incur more as he continues to receive medical and rehabilitation treatment.

## COUNT II: NEGLIGENT ENTRUSTMENT, HIRING, AND TRAINING

24. Darius realleges and incorporates herein by reference Paragraphs 1 through 23 above as if they were fully restated here verbatim.

25. On information and belief, Defendant American Tire was negligent in, among other things, hiring and vetting Defendant Wallace to safely operate and drive the International truck, in training him how to use it safely and how and when to safely reenter lanes of travel on the interstate highways, and in negligently entrusting him with the large commercial International truck.

26. Defendant American Tire's negligence proximately caused Darius' injuries and damages.

## COUNT III: LITIGATION EXPENSES

27. Darius realleges and incorporates herein by reference Paragraphs 1 through 26 above as if they were fully restated here verbatim.

28. Defendants' actions have been in bad faith and have caused Darius to suffer unnecessary trouble and expense. Darius is therefore, entitled to recover from Defendants all expenses of litigation, including attorney's fees, costs and expenses, pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Darius D. Peterson respectfully prays for and demands as follows:

a. That Process and Summons issue, as provided by law, requiring all Defendants to appear and answer Darius' Complaint;

b. That service be had upon all Defendants as provided by law;

c. That the Court award and enter a judgment in favor of Darius and against Defendants for compensatory damages in amounts to be proven at trial;

d. That Darius have a **trial by jury** as to all issues;

e. That Darius recover his litigation expenses; and

f. That Darius have such other relief as the Court may deem just and proper.

DATED:  May 11, 2021.

        Respectfully submitted,

        **MORGAN & MORGAN ATLANTA, PLLC**

        */s/  Keenan R.S. Nix*
        */s/  Christopher J. Graddock*
        */s/  Patrick A. Dawson*

        KEENAN R.S. NIX
         Georgia Bar No. 544855
        CHRISTOPHER J. GRADDOCK
         Georgia Bar No. 304020

          P<small>ATRICK</small> A. D<small>AWSON</small>
           Georgia Bar No. 005620

P.O. Box 57007
Atlanta, Georgia  30343-1007
(404) 965-8811
knix@forthepeople.com
cgraddock@forthepeople.com
pdawson@forthepeople.com

## CERTIFICATE OF TYPE, FORMAT AND FONT SIZE

The undersigned counsel hereby certifies that this pleading complies with the Local Rules of this Court, including Local Rules 5.1.C and 7.1.D (N.D. Ga.) in that it is composed in Times New Roman, 14 Point.

DATED:   May 11, 2021.

        Respectfully submitted,

        **MORGAN & MORGAN ATLANTA, PLLC**

        */s/   Patrick A. Dawson*
        **Patrick A. Dawson**
        Georgia Bar No. 005620

Post Office Box 57007
Atlanta, Georgia 30343-1007
(404) 965-8811
knix@forthepeople.com
cgraddock@forthepeople.com
pdawson@forthepeople.com